# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2020AP2166-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Matthew T. Luening, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>        Complainant,<br>    v.<br>Matthew T. Luening,<br>        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST LUENING

| | |
|---|---|
| OPINION FILED: | February 24, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2021AP2166-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Matthew T. Luening, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

      **v.**

**Matthew T. Luening,**

      **Respondent.**

**FILED**

**FEB 24, 2023**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Counts one through seven of complaint dismissed; remanded to referee for further proceedings.*

¶1 PER CURIAM. This matter was scheduled for oral argument on November 7, 2022, but was removed from the oral argument calendar because the court determined that the case presented an unresolved choice of law issue. In order to resolve that issue, we asked the parties to advise whether Supreme Court Rule (SCR) 20:8.5(b)[1] required that the counts of misconduct

---

[1] Supreme Court Rule 20:8.5(b)(1) provides in part:

alleged in the complaint filed by the Office of Law Regulation (OLR) that arose out of Attorney Matthew Luening's representation of clients before an immigration tribunal should have been pleaded under the rules promulgated by the Executive Office of Immigration Review (EOIR), as set forth in 8 C.F.R. § 1003.102, rather than under Wisconsin's Rules of Professional Conduct. Having considered the parties' submissions on that issue, we conclude that OLR should have charged the counts of misconduct connected with cases pending before immigration tribunals under EOIR rules. We also conclude that the appropriate remedy for OLR's decision not to do so is to dismiss those counts of misconduct and to remand the matter to the referee for a recommendation on the appropriate sanction for the remaining counts of misconduct found by the referee.

¶2 Attorney Luening was admitted to practice law in Wisconsin in 2010 and practices in Milwaukee. His disciplinary history consists of two consensual public reprimands. Public Reprimand of Matthew T. Luening, 2017-3; Public Reprimand of Matthew T. Luening, 2017-10.

¶3 On December 29, 2020, OLR filed a complaint against Attorney Luening alleging twelve counts of misconduct. The first

---

(b) **Choice of Law.** In the exercise of the disciplinary authority of this state, the rules of Professional Conduct to be applied shall be as follows:

(1) for conduct in connection with a matter pending before a tribunal, the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise. . . .

2

seven counts of misconduct arose out of Attorney Luening's immigration law practice. Each of those seven counts of misconduct cited only the Supreme Court Rule that Attorney Luening was alleged to have violated. The immigration-based counts of misconduct did not cite EOIR rules.

¶4 Attorney Luening filed an answer to the complaint. James J. Winiarski was appointed referee. Following an evidentiary hearing, the referee issued a report finding that OLR met its burden of proof with respect to six of the counts of misconduct alleged in the complaint, including Counts 3, 4, and 6, which were immigration-based counts. The referee recommended a six-month suspension of Attorney Luening's license to practice law.

¶5 Attorney Luening appealed, arguing that a six-month suspension was excessive. The OLR cross-appealed, arguing that the referee erred in finding that OLR failed to meet its burden of proof on one of the alleged counts of misconduct and that a six-month suspension was inadequate.

¶6 In advance of oral argument, the court learned that on the same day it filed the complaint against Attorney Luening, OLR filed a complaint in another case involving an attorney's immigration practice.[2] See OLR v. Din, No. 2020AP2165-D. The Din complaint, unlike the one filed in the instant case, cited both the Wisconsin Rules of Professional Conduct alleged to have been

---

[2] Both complaints were signed by the same OLR litigation counsel.

3

violated as well as EOIR rules. The choice of law issue was litigated before the referee appointed in <u>Din</u>, and that referee concluded that SCR 20:8.5 unambiguously provided that EOIR rules of conduct apply with respect to any conduct in matters pending before the EOIR. Neither OLR nor Attorney Din appealed the referee's conclusion on the choice of law issue. The <u>Din</u> matter was resolved by an unpublished order issued on November 22, 2022, in which we relied on the EOIR rules.

¶7 On October 24, 2022, this court asked OLR to explain why the complaint filed in this matter did not cite the EOIR rules, as did the complaint in <u>Din</u>. The OLR filed its response on November 3, 2022. It agreed that EOIR is the federal entity responsible for adjudicating immigration cases and that attorneys who represent clients in federal immigration proceedings are subject to EOIR disciplinary sanctions. It further agreed that EOIR is a "tribunal" under the meaning of SCR 20:8.5 and that EOIR rules may apply to attorneys licensed in Wisconsin who practice in immigration courts. OLR also acknowledged "that EOIR rules of conduct potentially governed some . . . counts of misconduct arising out of Luening's practices," but it said the immigration-related counts of misconduct were pleaded differently in this case than in <u>Din</u> because "[u]nlike Luening, Din had raised the choice of law issue before OLR filed its disciplinary complaint and continued to do so during the entire proceeding."

¶8 The OLR says, however, that there is no Wisconsin precedent addressing the application of EOIR rules in place of

Wisconsin's Rules of Professional Conduct, and it says that this court has imposed discipline upon attorneys for violations of the Wisconsin ethical rules for misconduct in the context of immigration proceedings. In support of this statement, OLR cites (1) Attorney Luening's two consensual public reprimands; (2) two cases that were prosecuted by the Board of Attorneys Professional Responsibility, the predecessor of OLR, see In re Disciplinary Proceedings against Grapsas, 225 Wis. 2d 411, 591 N.W.2d 862 (1999); In re Disciplinary Proceedings Against Grapsas, 230 Wis. 2d 751, 602 N.W.2d 526 (1999); and (3) a previous disciplinary proceeding in which Attorney Din stipulated to misconduct. In re Disciplinary Proceedings Against Din, 2015 WI 4, 360 Wis. 2d 274, 858 N.W.2d 654.

¶9    In explaining why it cited EOIR rules in Din but not in this case, OLR says:

> Din raised the choice of law issue before OLR filed its disciplinary complaint. Before filing charges in Din, OLR reviewed the issue and concluded that the term "tribunal" in SCR 20:8.5 might reasonably include federal immigration courts. In the context of the Din matter, OLR took the position that EOIR rules might apply to conduct that occurred in the context of a pending matter before an immigration court and the Wisconsin rules of professional conduct would apply to other conduct. Charging violations under the alternative rules was consistent with existing Wisconsin precedent finding violations of the Wisconsin rules of professional conduct based on conduct in connection with federal immigration proceedings.
>
> Charging in the alternative also protected OLR from a potentially negative outcome based on Din's anticipated challenge to the choice of law. In essence, OLR asserted alternative charges because it

5

did not want to risk losing the ability to later amend the complaint and possible dismissal of counts if the referee concluded that one set of rules did not apply.

¶10 The OLR noted that its fear of a "potentially negative outcome" in Din was precisely what had occurred in a Maryland attorney disciplinary case arising out of an attorney's immigration practice. See Attorney Grievance Commission of Maryland v. Tatung, 476 Md. 45, 258 A.3d 234 (2021). Attorney Tatung was licensed to practice law only in Washington D.C., maintained an office in Maryland, and practiced exclusively in immigration courts. The Maryland Grievance Commission charged Attorney Tatung with violations of Maryland's rules of professional conduct based on his representation of two clients in an immigration court in El Paso, Texas. Maryland's rules of professional conduct have a choice of law provision identical to SCR 20:8.5(b). Prior to an evidentiary hearing, Attorney Tatung filed a motion in limine arguing that under Maryland's choice of law provision, Maryland's Commission was required to apply EOIR rules to conduct arising out of his practice in immigration courts. The hearing judge denied the motion, but the Maryland Court of Appeals agreed with Attorney Tatung that EOIR rules applied, and it dismissed the charges arising out of the immigration court proceeding.

¶11 The OLR noted that while Attorney Tatung and Attorney Din both raised the choice of law issue, Attorney Luening did not, and it suggested that Attorney Luening waived application of EOIR rules by not affirmatively raising the issue.

¶12 Attorney Luening filed a response regarding the choice of law issue on November 18, 2022. He argues that SCR 20:8.5 plainly indicates that EOIR rules should have been applied here whether or not he affirmatively raised the issue. Attorney Luening says, "OLR's inconsistency in choosing which rules apply to attorney misconduct could lead to treacherous results," and he argues that the Tatung court's rationale should be applied here. He goes on to say:

> Even more troubling is that OLR, not Luening, controlled when the formal complaint would be issued. There is nothing that compelled OLR to issue the complaint against Luening on the exact same day as it issued a complaint against Din. Indeed, the same OLR lawyers who filed the complaint against Din are the exact same lawyers who filed the complaint against Luening. They therefore were aware of the EOIR rules, as they admit that Din had raised the issue prior to the filing of the complaint against him, and therefore, they had every opportunity to raise the issue as to Luening by noting the rules and OLR's belief and interpretation that those rules purportedly did not apply.

¶13 Attorney Luening argues that his failure to affirmatively state his preferred choice of law is irrelevant given the clear language of SCR 20:8.5, and he says requiring him to make this determination "would place an unnecessary burden on the wrong party, . . . ."

¶14 The OLR is correct that this court has not previously interpreted or applied the choice of law provision contained in SCR 20:8.5. The current version of SCR 20:8.5, adding a choice of law provision, took effect on January 1, 2009. See S. Ct. Order 06-06: In the Matter of Petition of the State Bar of

7

Wisconsin to Amend Chapter 20 of the Supreme Court Rules, 2008 WI 109 (issued July 30, 2008). Thus, while OLR's comment that this court resolved the two 1999 Grapsas cases, which arose out of an attorney's practice in immigration proceedings, without consideration of the choice of law issue is correct, that fact is of little moment since there was no choice of law provision in Wisconsin's professional code of conduct for attorneys at that time. It is also not surprising that the choice of law issue did not come up in the two consensual reprimands Attorney Luening received in 2017 since consensual reprimands are a means of resolving a disciplinary matter at an early stage of the proceeding, prior to the filing of a complaint, and consensual reprimands are issued by a referee without any involvement by the court. See SCR 22.09. It is also not remarkable that Attorney Din did not raise the choice of law issue in a case in which he entered into a stipulation admitting several counts of misconduct and the only contested issue was the appropriate sanction.

¶15  In resolving the choice of law issue presented in this case, we find the Maryland court's Tatung decision to be both helpful and persuasive. The Tatung court noted that EOIR implemented "Professional Conduct for Practitioners – Rules and Procedures" in 2000 "to protect the public, preserve the integrity of immigration proceedings and adjudications, and maintain high professional standards among immigration practitioners. 8 C.F.R. § 1003.102." Tatung, 476 Md. 45, 82, 258 A. 3d 234.

8

¶16 The Tatung court said that while the EOIR rules and the Maryland rules of professional conduct were generally consistent:

> [S]uch a determination does not mean that we may ignore the plain language of the word "shall" in the choice of law provisions outlined in Rule 8.5(b). . . . Through the use of the word "shall," Rule 8.5(b) plainly and unambiguously mandates the application of the professional rules of the tribunal where the conduct arises in connection with a mater pending before a tribunal, and for "other conduct," the rules of the jurisdiction where the conduct occurred, . . . the rule does not give the disciplinary authority the discretion to apply the rules of another tribunal jurisdiction only in the event of a conflict. . . .
>
> Our interpretation of Rule 8.5(b) also ensures that, where an attorney's misconduct triggers jurisdiction and oversight by more than one disciplinary authority, the attorney is treated fairly and uniformly by each jurisdiction, . . .
>
> Here, the federal immigration professional rules promulgated under 8 C.F.R. § 1003.102 clearly apply to the proceedings before the federal immigration tribunal. Under Rule 8.5(b)(1), any charges filed by the Commission for misconduct arising in connection with the matter pending before the tribunal should have been filed under those rules. . . . Although the Maryland disciplinary authority . . . has jurisdiction to investigate and ultimately to sanction Mr. Tatung for any misconduct pursuant to Maryland Rule 8.5(a), under the choice of law provisions set forth in Rule 8.5(b), [the Maryland code of professional conduct] does not apply to the alleged conduct involving Mr. Tatung's representation of his clients in the federal immigration proceeding. Under Rule 8.5(b)(1), the Commission was required to charge Mr. Tatung under the federal immigration professional rules. Because Mr. Tatung was improperly charged under [state rules], we shall dismiss those charges arising in connection with the federal immigration proceeding.

Id. at 260-262.

9

¶17 The OLR's principal rationale for why it cited EOIR rules in Din but did not do so in this case is that Attorney Din raised the choice of law issue and Attorney Luening did not. The OLR admits that it was concerned that if it cited only the Wisconsin rules of conduct in Din and Attorney Din prevailed in his argument that his conduct was instead subject to EOIR rules, OLR ran the risk of having its complaint dismissed, as occurred in Tatung. The OLR was well aware of the choice of law issue when it filed the complaint in this matter the same day as it filed the complaint in Din, but because Attorney Luening had not raised the choice of law issue, OLR made the strategic decision not to raise it either.

¶18 As the Tatung court noted, we may not ignore the plain language of SCR 20:8.5(b)(1), which states "the rules of Professional Conduct to be applied shall be . . . for conduct in connection with a matter pending before a tribunal, the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise. . . ." (emphasis added). As in Tatung, we find that the use of the word "shall" unambiguously required that Counts one through seven of the complaint, which were connected with matters pending before an immigration tribunal, be charged under EOIR rules.

¶19 Attorney Luening's failure to raise the issue does not alter the conclusion that EOIR rules applied. We need not decide whether the choice of law issue may ever be waived because we find, under the circumstances of this case, that it was not waived here. We also agree with the Tatung court that OLR's

10

failure to prosecute the immigration-based misconduct under EOIR rules mandates that those counts of misconduct must be dismissed.

¶20 The disparate treatment of two cases involving immigration law attorneys, which were being investigated by OLR at the same time and in which complaints were filed on the same day and signed by the same OLR litigation counsel, threatens to undermine confidence in Wisconsin's attorney regulatory system given OLR's disparate treatment of two similarly situated attorneys.

¶21 The preamble to Wisconsin's Lawyer Regulation System states that the system "is established to carry out the supreme court's constitutional responsibility to supervise the practice of law and protect the public from misconduct by persons practicing law in Wisconsin." This court created OLR and entrusted it with the authority to investigate and prosecute alleged attorney misconduct. See SCR 21.02(1). The OLR has an obligation to treat attorneys who are alleged to have committed misconduct fairly and uniformly, regardless of whether a respondent attorney raises an issue that another does not. The OLR's decision not to raise the choice of law issue in this case, while simultaneously litigating the issue in Din, threatens the public's confidence that attorneys will in fact be treated fairly and uniformly since it appears that OLR unilaterally made prosecutorial decisions based on how it would be more likely to prevail on the immigration-based counts of misconduct rather than on what the plain language of SCR

20:8.5(b) required. Like criminal prosecutors, OLR has a duty to see that justice is accomplished, not just a duty to "win" at all costs. See, e.g., State v. Bell, 2018 WI 28, ¶16, 380 Wis. 2d 616, 909 N.W.2d 750 (prosecutor must keep in mind that he/she represents "a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." (Quoting Berger v. United States, 295 U.S. 78, 88 (1935)).

¶22 Counts one through seven of OLR's complaint should have cited EOIR rules, as the Din complaint did. We conclude, as did the Tatung court, that the appropriate remedy for OLR's decision not to prosecute Attorney Luening's immigration-based misconduct counts under EOIR rules is to dismiss those counts of the complaint. We note that dismissal of those counts will not end the matter since the referee also found that OLR met its burden of proof on additional misconduct that was not connected with a case pending in a federal immigration tribunal. It is therefore appropriate to remand the matter to the referee so that he may issue a revised recommendation as to the appropriate sanction to be imposed for the remaining counts. We will issue our final decision in the case in due course, following remand.

¶23 IT IS ORDERED that counts one through seven of the complaint filed on December 29, 2020 are hereby dismissed.

¶24 IT IS FURTHER ORDERED that this matter shall be remanded to the referee for the purpose of the referee issuing a

12

revised recommendation as to the appropriate sanction for the remaining counts of misconduct found by the referee.